## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PHILLIP BAGNALL,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:24-cv-481-ACA** |
| | ] | |
| **DICK'S SPORTING GOODS, INC.,** | ] | |
| **et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Phillip Bagnall filed this personal injury lawsuit in the Circuit Court of Jefferson County, Alabama, naming as defendants Dick's Sporting Goods, Inc., Phillip Barnes, and Kings River Outdoors. (Doc. 1-1 at 7–13). Dick's and Mr. Barnes removed the case, invoking the court's diversity jurisdiction. (Doc. 1 at 2). They conceded that Mr. Barnes shares citizenship with Mr. Bagnall but asserted that the court should disregard Mr. Barnes's citizenship because he is fraudulently joined. (*Id.* at 2–6). Mr. Bagnall amended the complaint to substitute Mahco, Inc., for Kings River Outdoors, and to allege that "[t]he amount in controversy does not exceed $74,999.00." (Doc. 8 at 1, 2 ¶ 3, 7 ¶ 29). He also moved to remand the case. (Doc. 10). Mr. Barnes, for his part, has moved to dismiss the claims against him for failure to state a claim. (Doc. 15). Because the amount in controversy at the time of

removal exceeded $75,000 and Mr. Barnes was fraudulently joined, the court **WILL DENY** Mr. Bagnall's motion for remand. Because the court lacks jurisdiction over Mr. Barnes, the court **WILL DISMISS** Mr. Barnes **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 21. The court **FINDS AS MOOT** Mr. Barnes's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12.

## I.   BACKGROUND

Mr. Bagnall's initial complaint alleged that in 2023, Mr. Bagnall sat down in a Kings River hammock chair at a Dick's store. (Doc. 1-1 at 8 ¶ 6). The chair "was displayed in a broken and defective condition" and collapsed under him, injuring his left arm, shoulder, and spine. (*Id.*). As a result, he required "multiple imaging studies and physical therapy." (*Id.* at 9 ¶ 8). Mr. Barnes was the store manager of that Dick's location. (*Id.* at 8 ¶ 4). Mr. Bagnall asserted claims of negligence and wantonness against Dick's, Kings River, and Mr. Bagnall, and a claim of product liability against Kings River. (Doc. 1-1 at 9–12 ¶¶ 9–26).

With respect to Mr. Barnes in particular, Mr. Bagnall alleged that he "negligently or wantonly created, and/or failed to observe, and/or failed to inspect, and/or failed to report, and/or failed to repair, and/or failed to remove the defective and dangerous condition of the Kings River hammock chair on display," and that he "failed to warn [Mr. Bagnall] and/or others of the dangerous condition that existed

with said hammock chair." (*Id.* at 11 ¶ 20). The initial complaint sought an unspecified amount of damages "for compensatory, general, and punitive damages" for "pain and mental anguish," medical costs, "lost wages, loss of enjoyment of life, permanent injury, and potential future medical expenses." (*Id.* at 10 ¶ 14, 10–11 ¶ 18, 11 ¶ 21, 12).

Mr. Barnes and Dick's removed the lawsuit, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 at 2–13). Mr. Bagnall then amended the complaint to substitute Mahco, Inc., for Kings River, to allege that Mr. Barnes was the store manager on duty at the time of the fall, and to allege that "[t]he amount in controversy does not exceed $74,999." (Doc. 8 at 1, 2 ¶ 3, 6 ¶ 21, 7 ¶ 29). The factual allegations and claims are otherwise the same as in the initial complaint. (*Compare* doc. 8 ¶¶ 6–28, *with* doc. 1-1 at 8–12 ¶¶ 6–26).

The court has already explained that the filings in this case adequately establish that Dick's is a citizen of Delaware and Pennsylvania and Mahco is a citizen of Arkansas. (Doc. 20 at 3). In addition, the amended notice of removal adequately alleges that Mr. Bagnall and Mr. Barnes are both citizens of Alabama. (Doc. 22 at 3–4). Mr. Barnes submits an affidavit attesting that he was the store manager of the Dick's where Mr. Bagnall fell but he did not assemble or modify the chair on which Mr. Bagnall sat or place it on the sales floor, and no one had notified him of "any existing or potential problem with the chair." (Doc. 1-3 ¶¶ 2–3, 12–15).

## II.     DISCUSSION

"The party seeking to invoke a federal forum traditionally bears the burden of persuasion on jurisdictional issues . . . ." *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344 (11th Cir. 2017). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1359 (11th Cir. 2021). Because Mr. Barnes and Dick's removed the case, the burden rests on them to establish this court's jurisdiction. The only ground they assert for this court's jurisdiction is diversity. The court must therefore determine whether the opposing parties' citizenship is diverse and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity means that "every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Mr. Barnes and Dick's contend that the amount in controversy is satisfied because Alabama state juries have awarded more than $75,000 in compensatory damages in premises liability lawsuits and Alabama's cap on punitive damages far exceeds the jurisdictional threshold. (Doc. 1 at 11–12). They contend that Mr. Bagnall's amendment to allege that the amount in controversy is less than $75,000 does not defeat jurisdiction because he has not stipulated that he will not accept more than $75,000. (Doc. 13 at 3–4). With respect to citizenship, Mr. Barnes and Dick's concede that the parties are not completely diverse but they contend that

the court can disregard Mr. Barnes's and Mr. Bagnall's shared citizenship because Mr. Bagnall fraudulently joined Mr. Barnes to the lawsuit. (Doc. 1 at 3–4; doc. 22 at 3–7). The court will begin with the amount in controversy.

    1.    Amount in Controversy

"A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* at 752. The defendant can carry that burden "if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.* at 754. A court can "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quotation marks omitted). "The general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate." *Jewell v. Grain*

*Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (quotation marks omitted).[1]

But "[c]laims against two or more defendants can be aggregated for the purpose of

attaining the jurisdictional amount, as a general proposition, if they are jointly liable

to the plaintiff." *Id.*

As an initial matter, Mr. Bagnall contends that his amendment of the

complaint to allege that the amount in controversy does not exceed $75,000 deprives

this court of jurisdiction. (Doc. 10 at 2–3). But the court evaluates the amount in

controversy as of the time of removal. *See Pretka*, 608 F.3d at 751. As a result, the

court focuses its analysis on what the amount in controversy was at the time of

removal, without regard to post-removal developments, while bearing in mind

Mr. Bagnall's assertion that the amount in controversy is not satisfied. (*See* doc. 10

at 1).

At the time of removal, Mr. Bagnall's complaint alleged that he suffered

"injuries to his left shoulder, cervical spine, and lumbar spine" that required

"medical treatment . . . including multiple imaging studies and physical therapy."

(Doc. 1-1 at 9 ¶ 8). Mr. Bagnall asserted claims of negligence and wantonness

against Mr. Barnes, Dick's, and Kings River (now Mahco) and a claim of product

liability against Kings River (now Mahco). (*Id.* at 9–11 ¶¶ 9–21). He requested

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

compensatory and punitive damages for "pain and mental anguish," "substantial medical treatment and expenses," "lost wages, loss of enjoyment of life, permanent injury, and potential future medical expenses." (*Id.* at 10 ¶ 14, 11 ¶ 21, 12). Because Mr. Bagnall sought to hold all defendants liable jointly and severally (*id.* at 12), the court will aggregate the damages against all defendants to determine the amount in controversy. *See Jewell*, 290 F.2d at 13.

Mr. Barnes and Dick's argue that, although the initial complaint contains few allegations and does not demand any specific amount of damages, more than $75,000 is in controversy because Alabama juries in seven lawsuits within the last twenty-five years have awarded a plaintiff more than $75,000 for personal injuries.[2] (Doc. 1 at 10–11). Mr. Barnes and Dick's do not describe the facts at issue in those cases in any detail but they do state that four of the cases involved a back injury, one involved "personal injuries," one involved a "slip and fall," and one involved an "unreasonably dangerous condition." (*Id.* at 10–11). Without more information about those cases, however, the court cannot assess whether the injuries and claims in those cases compare to the injury and claims alleged in this case.

Nevertheless, the court is persuaded that more than $75,000 was in controversy at the time of removal. Mr. Bagnall alleges injuries to his shoulder and

---

[2] One of the verdicts Mr. Barnes and Dick's cite was for $75,000 exactly, and therefore does not "exceed the sum or value of $75,000." 28 U.S.C. § 1332(a); (*see* doc. 1 at 10).

spine that required imaging and physical therapy, and he alleges permanent injury, pain, mental anguish, and "substantial medical treatment and expenses." (Doc. 1-1 at 10 ¶ 14, 10–11 ¶ 18, 11 ¶ 21). Based on these allegations and the court's "judicial experience and common sense," the court finds that this amount in controversy here exceeds the $75,000 threshold. *Roe*, 613 F.3d at 1064; *see* 28 U.S.C. § 1332(a).

    2.   Diversity

    The next question is whether Mr. Bagnall's citizenship is diverse from the citizenship of all defendants. *See* 28 U.S.C. § 1332(a); *Triggs*, 154 F.3d at 1287. Mr. Barnes and Dick's concede that Mr. Barnes and Mr. Bagnall share citizenship, but they argue that the court should disregard Mr. Barnes's citizenship because he was fraudulently joined. (Doc. 1 at 3–4; doc. 22 at 3–7).

    A court will find joinder fraudulent and disregard the citizenship of a party in three situations: (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"; (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts"; or (3) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287. The burden of establishing fraudulent joinder rests on the removing party, and it is a heavy one. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Mr. Barnes and Dick's assert only the first type of fraudulent joinder. (*See* doc. 1 at 3–6; doc. 22 at 3–7; doc. 24 at 6). In support of their assertion, they present an affidavit from Mr. Barnes in which he attests that he did not assemble or modify the chair on which Mr. Bagnall sat or place it on the sales floor, and no one had notified him of "any existing or potential problem with the chair." (Doc. 1-3 ¶¶ 12–15). Mr. Bagnall has not attempted to refute that affidavit with evidence, instead amending the complaint to allege that Mr. Barnes was the store manager on duty the day he fell. (*See* doc. 23 at 3–8; doc. 8 ¶ 21). But in evaluating fraudulent joinder, the court assesses not only the pleadings, but also "any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (emphasis omitted). When the removing defendant provides evidence in support of the assertion of fraudulent joinder, the court uses a process "similar to that used for ruling on a motion for summary judgment." *Id.* at 1322–23. The court must accept the undisputed evidence and resolve any factual questions in favor of the plaintiff. *Id.* at 1323. "But there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* The court cannot "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Legg*, 428 F.3d at 1323 (emphasis omitted).

The undisputed evidence here is that Mr. Barnes was present at the Dick's store on the day Mr. Bagnall fell and he was the store manager on duty, but he did

not assemble the chair, modify the chair, place the chair on the sales floor, or know of any "existing or potential problem with the chair." (Doc. 1-3 ¶¶ 2–3, 11–15). This court must accept that evidence because Mr. Bagnall has not controverted it. *See Legg*, 428 F.3d at 1322–23.

Under Alabama law, "the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated." *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc*., 496 So. 2d 774, 775 (Ala. 1986); *see also, e.g.*, *Waters v. Anthony*, 40 So. 2d 316, 318–19 (Ala. 1949). Here, Mr. Barnes has presented uncontroverted evidence that he did not participate in the tort Mr. Bagnall alleges. (*See* doc. 1-3 ¶¶ 11–15). As a result, Mr. Bagnall has "no possibility [of] prov[ing] a cause of action against" Mr. Barnes. *Triggs*, 154 F.3d at 1287. The court finds that Mr. Barnes was fraudulently joined and that his joinder in the case does not destroy diversity jurisdiction.

Because Mr. Barnes was fraudulently joined, the court must determine how to address the claims against Mr. Barnes. The Eleventh Circuit has stated that when the court finds fraudulent joinder because the plaintiff cannot possibly establish a cause of action against the resident defendant, "the federal court must dismiss the non-diverse defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). In addition, the Eleventh Circuit has held that where a non-diverse defendant is an indispensable party, the court has "the power to dismiss [the] non-

diverse party . . . to preserve jurisdiction over the rest of the case." *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1318 (11th Cir. 2017). The Eleventh Circuit found that Federal Rule of Civil Procedure 21, which permits a court to add or drop a party or sever a claim against a party, provided the court the authority to take that action. *Id*. Although *Thermoset* did not involve any assertion or finding of fraudulent joinder, it does indicate that the court has the power to dismiss a non-diverse defendant in the removal context, which is consistent with the *Florence* Court's instruction to dismiss a fraudulently joined defendant. *See id.*

Accordingly, the court concludes that dismissal of Mr. Barnes without prejudice under Rule 21 is the appropriate resolution of his fraudulent joinder in the case. *See* Fed. R. Civ. P. 21; *Florence*, 484 F.3d at 1297; *Thermoset Corp.*, 849 F.3d at 1318. The court therefore **FINDS AS MOOT** Mr. Barnes's motion to dismiss him for failure to state a claim against him.

## III.     CONCLUSION

The court **WILL DENY** Mr. Bagnall's motion to remand. The court **WILL DISMISS** Mr. Barnes **WITHOUT PREJUDICE** under Rule 21 because he is fraudulently joined. The court **FINDS AS MOOT** Mr. Barnes's Rule 12 motion to dismiss him for failure to state a claim.

The court will enter a separate order dismissing Mr. Barnes as a defendant.

**DONE** and **ORDERED** this September 4, 2024.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE